**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| HARVEY ROBINSON; CRYSTAL ROBINSON<br><br>Plaintiffs<br><br>v.<br><br>CONDADO OCEAN PARTNERS LLC; CPH MANAGEMENT LLC; CHUBB INSURANE COMPANY OF PUERTO RICO; CORPORATIONS ABC; JOHN AND JANE DOE; INSURANCE COMPANIES XYZ<br><br>Defendants | **Civil No. 2025cv1232**<br><br>**Personal Injury; Diversity**<br>**Jury Trial** |

**COMPLAINT**

**COME NOW,** Plaintiffs, Harvey Robinson and Crystal Robinson, by and through their undersigned counsel, hereby file this Complaint and respectfully ALLEGE, STATE, and PRAY as follow:

**I. PARTIES**

**1.**     Plaintiff Harvey A. Roinson is an adult and a citizen of the State of Ohio.

**2.**     Plaintiff Crystal Robinson is the lawful spouse of Plaintiff Harvey A. Robinson and resides with him in the State of Ohio. She brings this action for loss of consortium and emotional damages arising from her husband's injury.

**3.**	Defendant Condado Ocean Partners LLC ("COP") is a Puerto Rico limited liability company with its principal place of business at 999 Ashford Avenue, San Juan, PR 00907. On information and belief, COP owns and/or operates the Condado Plaza Hilton hotel.

**4.**	Defendant CPH Management LLC ("CPH") is a Puerto Rico limited liability company located at 598 A Street Num. 2, Urb. Ind. Mario Julia, San Juan, PR 00920. On information and belief, CPH manages and/or operates the Condado Plaza Hilton.

**5.**	Defendant Chubb Insurance Company of Puerto Rico is an insurance company licensed to do business in Puerto Rico and provides insurance coverage for the Condado Plaza Hilton and/or its operators.

**6.**	Defendant Insurance Companies XYZ are fictitious names for insurance companies that provide insurance coverage to the Condado Plaza Hilton and/or its operators. Plaintiffs will amend this Complaint to reflect their true identities once discovered.

**7.**	Defendants John and Jane Doe are fictitious names for individuals who, on information and belief, were responsible for the ownership, operation, maintenance, or safety of the Condado Plaza Hilton. Plaintiffs will substitute their true identities when known.

**8.**	Defendant Corporations ABC are fictitious names for entities that, on information and belief, were involved in the ownership, operation, maintenance, or management of the hotel premises. Plaintiffs will amend the Complaint to include their true names once identified.

## II. JURISDICTION AND VENUE

**9.**	This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**10.**	Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred in San Juan, Puerto Rico.

### III. STATEMENT OF FACTS

**11.** On May 18, 2024, Plaintiff Harvey A. Robinson and his wife, Crystal Robinson, was a lawful guest at the Condado Plaza Hilton in San Juan, Puerto Rico.

**12.** At approximately 11:00 a.m., while hotel housekeeping services were being performed in his room, Plaintiff stepped out onto the room's balcony to allow staff to mop the floor.

**13.** A hotel housekeeper, identified as Carimar Fuenotes, specifically asked Plaintiff to hold the balcony door open so she could clean the entire floor area. In response, Plaintiff attempted to assist as requested.

**14.** As he stepped toward the doorway, Plaintiff's right foot tripped over a metal bracket attached to the bottom of the balcony railing. The bracket protruded several inches into the balcony walking path, forming a dangerous and unmarked tripping hazard.

**15.** The metal bracket was visually indistinguishable from the surrounding flooring and rail components. It was not painted a contrasting color, was not marked with any signage or warning, and was nearly invisible to guests walking forward, especially those focusing on tasks like opening a door or carrying items.

**16.** The design and placement of the bracket made it foreseeable that a guest might trip on it, particularly under the circumstances created by hotel staff instructing the guest to hold the door from the balcony side.

**17.** As Plaintiff's foot caught the bracket, he was propelled forward. In an effort to prevent falling over the balcony, he grabbed the railing. The force and torque from the twist caused a sudden, traumatic injury to his left knee, along with pain in his left ankle, right shoulder, and right wrist.

**18.** Despite initial efforts to walk off the injury, the pain quickly escalated. Plaintiff and his wife immediately reported the incident to hotel security, who acknowledged the hotel's duty of care and asked whether they wished to call 911.

**19.**     Over the following weeks and months, Plaintiff experienced escalating pain, instability, and loss of mobility in his left knee. His attempts to rest and self-treat were unsuccessful. He was ultimately referred to orthopedic specialist Dr. Bret Betz, and later Dr. Christopher Utz.

**20.**     Imaging studies revealed a horizontal complex tear of the posterior horn of the medial meniscus, consistent with a traumatic twisting injury. On January 9, 2025, Plaintiff underwent arthroscopic knee surgery, including partial medial meniscectomy and chondroplasty.

**21.**     Recovery has been grueling. Despite physical therapy and injections, Plaintiff continues to suffer from chronic swelling, restricted range of motion, and debilitating pain. He remains physically limited and struggles with basic tasks like walking, climbing stairs, sleeping, and personal hygiene.

**22.**     The injury has had profound psychological and emotional impacts. Plaintiff has described feeling helpless, emasculated, and isolated. Once an active contributor to his family's business, he has been unable to work or assist his wife, who has had to manage both household and business responsibilities alone.

**23.**     The couple's financial hardship has intensified, leading to lost income, emotional strain, and marital stress. Plaintiff's sense of identity and independence has been deeply affected, as has his quality of life.

**24.**     The protruding metal bracket — which could have been safely placed outside the railing or marked with visible warnings — remains a dangerous condition. Its existence, visibility, and placement all constitute clear breaches of standard safety practices for public accommodations.

**25.**     Defendants' failure to identify, modify, or warn of this hazard, combined with the active involvement of a hotel employee who directed Plaintiff to interact with the door, constitutes clear negligence and breach of duty owed to a hotel guest.

26.    As a direct result of the trip and fall caused by the unsafe protrusion on the balcony floor, Plaintiff has experienced pain, medical expenses, loss of income, lost mobility, and emotional distress, and continues to require physical therapy and follow-up care.

## IV. CAUSES OF ACTION

### COUNT I – NEGLIGENCE

27.    Plaintiff realleges and incorporates by reference the preceding paragraphs.

28.    Defendants owed a duty to Plaintiff, a lawful guest, to maintain the premises in a reasonably safe condition, free from hidden or dangerous hazards.

29.    Defendants breached that duty by:

   a.    Permitting a metal bar to protrude into a pedestrian walkway on the balcony;

   b.    Failing to remove, mark, or guard the protruding object;

   c.    Failing to warn Plaintiff of the hazard;

   d.    Failing to train and supervise employees to prevent directing guests toward dangerous areas.

30.    Defendants' employee affirmatively directed Plaintiff into harm's way, further establishing vicarious liability on the part of Defendants.

31.    As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious injuries, requiring surgery and ongoing medical treatment, and has incurred significant damages.

### COUNT II – PREMISES LIABILITY

32.    Plaintiff realleges and incorporates by reference the preceding paragraphs.

33.    Defendants were in exclusive control and possession of the hotel premises, including the balcony in question, and owed Plaintiff a duty to keep the premises safe for intended use.

34.    The metal brace constituted a hidden, unmarked, and unreasonably dangerous condition, not open and obvious to a guest using the balcony as intended.

**35.**     Defendants either knew or should have known of the hazardous condition and failed to correct or warn of it.

**36.**     Defendants are strictly liable for injuries caused by this defective and unsafe condition on their premises.

## COUNT III – DIRECT ACTION UNDER 26 L.P.R.A. § 2003

**37.**     Plaintiff realleges and incorporates by reference the preceding paragraphs.

**38.**     Under Puerto Rico's direct action statute, Plaintiff brings this claim directly against Chubb Insuracne Company of Puerto Rico and any additional insurers that provided coverage to Defendants.

**39.**     These insurers are liable up to the limits of the applicable insurance policies for the damages sustained by Plaintiff as a result of Defendants' negligence.

## COUNT IV – LOSS OF CONSORTIUM (CRYSTAL ROBINSON)

**40.**     Plaintiffs incorporate by reference all prior paragraphs as if fully set forth herein.

**41.**     Plaintiff Crystal Robinson is the wife of Plaintiff Harvey A. Robinson and was legally married to him at all times relevant to this Complaint.

**42.**     As a direct and proximate result of the Defendants' negligence, Crystal Robinson has suffered and continues to suffer a loss of consortium, including but not limited to:

a. Loss of companionship and affection;

b. Loss of household services, support, and care;

c. Emotional distress and mental anguish caused by witnessing her husband's pain and incapacity;

d. Strain on the marital relationship, including loss of intimacy, shared responsibilities, and emotional support.

**43.** Crystal Robinson has also experienced increased financial and caregiving burdens, having assumed responsibility for the household, the family business, and the physical care of her injured spouse.

**44.** The injuries to Harvey A. Robinson have deprived Crystal Robinson of the full enjoyment of their marital relationship, and such losses are compensable under applicable law.

## V. DAMAGES

**45.** As a direct and proximate result of Defendants' actions and omissions, Plaintiff has suffered and continues to suffer:

    **a.** A complex medial meniscus tear in his left knee;

    **b.** Invasive knee surgery (arthroscopic meniscectomy and chondroplasty);

    **c.** Chronic pain, instability, and limited mobility;

    **d.** Substantial medical expenses and ongoing physical therapy;

    **e.** Emotional distress and loss of enjoyment of life.

Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

    a. Enter judgment in favor of Plaintiff and against all Defendants jointly and severally;

    b. Award compensatory damages in an amount exceeding $75,000;

    c. Award damages for pain and suffering, medical expenses, and loss of enjoyment of life;

    d. Award legal costs, attorneys' fees, and pre- and post-judgment interest;

    e. Enter judgment directly against the insurers pursuant to 26 L.P.R.A. § 2003;

    f. Grant any other relief the Court deems just and proper.

**RESPECTFULLY SUBMITTED** on this 23rd day of April 2025.

**I HEREBY CERTIFY** that, on this same date, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system.

**s/ Rafael O. Baella-Ors**
U.S.D.C. P.R. #219504
Attorney for the plaintiffs
*Castañer & Baella L.L.C.*
MAI Center, 771 C.1, Ste 204
San Juan, P.R. 00920
Tel. (787) 400-8234
Fax: (787) 680-0172
rbaella@castanerlaw.com